UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY SUTTLE AND BOSONG DAI, INDIVIDUALLY, AND D/B/A G & B TECHNOLOGIES, INC. | § § § § | |
| | § | CIVIL ACTION NO. 4:08-cv-00858 |
| VS. | § § | |
| LANDSTAR INWAY, INC. | § | |

# PLAINTIFF'S OBJECTION, RESPONSE AND CONTINUANCE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs, and file this Objection, Response and Continuance to Defendant's Motion for Partial Summary Judgment and Supporting Memorandum, and in support thereof would show unto this Honorable Court as follows.

### A. Introduction

1. Plaintiffs researched the CNC machines in question and the machines are typically listed for a higher price. *See Exhibit "A", page 11, line 9 through page 12, line 5.* Bosong Dai, Plaintiff, has had very good success selling similar type machines overseas. *Id., page 12, lines 20-25.* The machines in issue in this case were higher priced machines than those normally purchased by Plaintiffs. *Id., page 13, lines 1-5.* Plaintiffs understood the machines to be ready for operation. *Id., page 17, lines 5-12.* The machines were owned by Delphi that apparently was selling the machines as they were in bankruptcy. *Id., page 12-13.* Plaintiffs actually purchased two machines and the

intent was to sell one and set up the other in a warehouse located on 23235 SH 249. *Id., page 14, line 3 through page 16, line 6.*

After the machine was shipped from Ohio to its delivery destination in Texas, the machine in issue had only been "half tarped", "machine was wet" and "conveyer pan full of water." **(See Defendant's Exhibit 4, bottom of page).** Another company owned by Bosong Dai was in the process of purchasing the machine in issue for $43,643.75 but the purchase did not occur due to the machine be damaged by the Defendant. *See Exhibit "B", page 60-61.* Also, Plaintiff testified that these types of machines can be used at a rate of $150.00 to $200.00 per hour. *Id., page 81.* Furthermore, as shown below, the machine in issue has a market value of more than the purchase price of $10,000. *See Exhibit "C".*

## B. Applicable Law

2. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that Plaintiffs have not presented evidence on an essential element of their claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant

meets its burden is Plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e). In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to Plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).

3. Under the Carmack Amendment ("Carmack"), a carrier or common carrier is defined as a "...motor carrier, a water carrier, and a freight forwarder. " 49 U.S.C. §13102(3) (2005). A motor carrier is defined as "a person providing commercial motor vehicle (as defined in §31132) transportation for compensation." 49 U.S.C. §13102 (14).

4. Under Carmack, the general rule for determining the amount of damages is the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in the condition in which it did arrive. *Chicago, M. St. Paul Ry. Co., v. McCaull-Dinsmore Co.*, 253 U.S. 97 (1920); *Mineral U.S. Inc., Exalmet Div. v. M/V Moslavina*, 46 F.3d 501 (5th Cir. 1995); *Camar Corp. v. Preston Trucking Co., Inc.*, 18 F.Supp.2d 112 (D. Mass 1998), aff'd, 221 F.3d 271 (1st Cir. 2000). Lost profits under such a case are also a proper measure of damages. *Eastman Kodak Co. v. Westway Motor Freight*, 751 F.Supp. 1481 (D. Co 1990).

5. The Defendant's pleadings and legal memorandum are not competent summary-judgment proof. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3rd Cir. 1996); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995). Statements of fact in a motion for summary judgment, response, or other pleading can be used if the document qualifies as an "affidavit". FRCP 56(e); *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *Jayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995).

## C. Objection and Response

6. Defendant has not submitted proper summary judgment evidence that it is a motor carrier versus a private motor carrier as defined by the Carmack Amendment. A private motor carrier does not meet the definition of a motor carrier under Carmack and a private carrier is considered a bailee and negligence principles would apply. 49 U.S.C. §13102 (13); *Erasco, Inc. v. Weicker Transfer & Storage Co.*, 689 F.2d 921, 928 (10th Cir. 1982). Thus, Defendant has not shown it is a motor carrier within the definition of Carmack. Even assuming that Defendant is a motor carrier, no such proper summary judgment evidence has been submitted to establish this contention. Therefore, Plaintiffs object that Carmack would apply to this matter as the Defendant maintains since no proper evidence has been submitted. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3rd Cir. 1996); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995; FRCP 56(e); *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *Jayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995). Accordingly, Defendant's Motion for Partial Summary Judgment should be denied.

7. Even if Carmack were to apply, the market value of the machine, despite Defendant's contention, was worth more than $10,000.00. Prior to shipping, an invoice was prepared to purchase the machine through another company for $43,643.75. *See Exhibit "B", page 60-61*. Also, the machine was worth at least $70,000 to $90,000 and at least $20,000 if it were sold for scrap. *See Exhibit "C"; Affidavit of Mr. DiFonzo*. Moreover, these machines are typically used in turnkey projects so the value of the machine would be at least $140,000 to $180,000. *Id; Chicago, M. St. Paul Ry. Co., v. McCaull-Dinsmore Co.*, 253 U.S. 97 (1920); *Mineral U.S. Inc., Exalmet Div. v. M/V Moslavina*, 46 F.3d 501 (5th Cir. 1995); *Camar Corp. v. Preston Trucking Co., Inc.*, 18 F.Supp.2d

4

112 (D. Mass 1998), aff'd, 221 F.3d 271 (1st Cir. 2000); *Eastman Kodak Co. v. Westway Motor Freight*, 751 F.Supp. 1481 (D. Co 1990). Also, lost profits are recoverable even if Carmack applies. *Eastman Kodak Co. v. Westway Motor Freight*, 751 F.Supp. 1481 (D. Co 1990). Evidence exists that if this machine were working, it could be used at a rate of $150.00 to $200.00 per hour. *See Exhibit "B", page 81.* This amount could be determined with reasonable certainly simply by determining its use per hour on a per day basis. Thus, lost profits would not be so speculative as the Defendant contends. *See also, Exhibit "C".*

8. Plaintiffs would request a continuance of Defendant's Motion as Defendant's experts have recently been deposed but their transcripts have not been received. Also, Plaintiffs would request a continuance to locate an employee from Delphi, the company that went into bankruptcy, to obtain additional evidence of the condition of the machine prior to sale. Defendant's experts also testified about the market value of comparable machines, yet again, that evidence has not been received from the court reporter.

### E. Conclusion

9. For the foregoing reasons, Plaintiffs request this Honorable Court to sustain Plaintiffs' objection and deny Defendant's Motion. Alternatively, Plaintiffs request a continuance of this Motion as stated above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Honorable Court sustain their objection to Defendant's Motion For Partial Summary Judgment, deny the Motion, or alternatively grant Plaintiffs a continuance. Plaintiffs pray for all relief to which they may show themselves justly entitled, whether at law or in equity.

Respectfully submitted,

/s/ Chad Matthews
CHAD MATTHEWS
TSB # 00787980
FEDERAL ID # 17004
ATTORNEY IN CHARGE FOR PLAINTIFFS

OF COUNSEL:

MATTHEWS & FORESTER
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
(281) 535-3010 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served by certified mail/return receipt requested, facsimile transmission, hand delivery, or via electronic filing upon all known counsel on March 5, 2009.

/s/ Chad Matthews
CHAD MATTHEWS