IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY SUTTLE AND BOSONG DAI, INDIVIDUALLY, AND D/B/A G&B TECHNOLOGIES, INC., | }<br>}<br>} |
| *Plaintiffs*, | } Civil Action No. H-08-858<br>}<br>} |
| v. | }<br>} |
| LANDSTAR INWAY, INC., | }<br>} |
| *Defendant*. | } |

**OPINION AND ORDER**

Presently before the Court is Defendant Landstar Inway, Inc.'s (Landstar) motion for partial summary judgment (Doc. 13). Upon review and consideration of this document, the response and reply thereto, and the relevant legal authority, the Court finds that this motion should be granted-in-part and denied-in-part.

I.      Background and Relevant Facts

On January 18, 2008, Plaintiffs Gary Suttle (Suttle) and Bosong Dai, Individually, (Dai) and d/b/a G&B Technologies, Inc.[1] (G&B) (collectively, Plaintiffs) filed suit against Defendant Landstar in the 269th Judicial District Court of Harris County, Texas (Cause No. 2008-03494) asserting state and common law claims for breach of contract and negligence (Pls.' Pet., Doc. 1 Ex. 2). Defendant Landstar timely removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the doctrine of complete preemption under the Carmack Amendment to the Interstate Commerce Act (the Carmack Amendment), 49 U.S.C. § 14706.

---

[1] According to Dai's deposition testimony, G&B is not a corporation but, rather, a partnership. (Doc. 13 Ex. 1 at 12-13).

Suttle and Dai are partners in G&B. (Dai Dep., Doc. 13 Ex. 1 at 12). In April 2006, Plaintiffs purchased the CNC Machine[2] at issue in this case for $10,000 "as-is, where-is, with all faults." (*Id.*; Suttle Dep., Doc. 13 Ex. 8 at 10). Plaintiffs bought this machine from Delphi Automotive North America (Delphi) in an online auction on DoveBid.com (DoveBid). (Dai Dep., Doc. 13 Ex. 1 at 19-22; Doc. 13 Ex. 2). Plaintiffs did not physically see the machine before they bid on and purchased it. (Dai Dep., Doc. 13 Ex. 1 at 19-22). They did, however, view several photos of the CNC Machine on DoveBid. (*Id.*). Plaintiff Dai then contacted Avxa Freight Logistics (Avxa) to arrange for the transportation of the CNC Machine from Delphi's Dayton, Ohio location to G&B's address in Houston, Texas. (*Id.* at 76-77; Doc. 13 Ex. 3). On October 13, 2006, Landstar transported the CNC Machine from Delphi to G&B. (Doc. 13 Ex. 4). The shipping document completed by Delphi declares that the machine's extended value is $10,000. (*Id.*). Plaintiffs allege that Landstar failed to adequately tarp the CNC Machine for transportation and that, during transport, the machine sustained rain damage which made it "unsafe and unmarketable." (Pls.' Pet., Doc. 1 Ex. 2).

Defendant Landstar has moved for partial summary judgment. It argues that Plaintiffs' state and common law claims for breach of contract and negligence are preempted by the Carmack Amendment. Additionally, Defendant contends that Plaintiffs' claims for damages in the form of lost profits and lost income are claims for special damages and are not recoverable

---

[2] The invoice description for the CNC Machine reads as follows:

> Toyoda GMX-130 Type TH-1257M, 4-Axis CNC Horizontal Machining Center, S/N MHO-800-TH-1257M, Spindle Speeds: to 14,000 RPM's, Travels: X-39.37, Y-33.4", Z-29.5", Full 4th Axis Index Rotary Table 24.8" x 24.8" Work Table, 20-Position Automatic Tool Changer, #50 Taper Spindle, Turbo Chip Removal Conveyer w/ Fanuc Series 18M CNC Controls, AB Panel View 900 Controls, 25HP Spindle Motor Drive, A/N 1012061, Machine #2901 [Dayton, OH].

(Doc. 13 Ex. 2).

under the Carmack Amendment under the facts of this case.  Furthermore, Defendant asserts that its liability, if any, for the alleged damages is limited by the bill of lading provision expressly declaring the value of the goods transported to be $10,000.  Plaintiffs have filed a response in opposition to Defendant's motion.  The Court addresses the parties' respective arguments herein.

II.        Legal Standard on Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  The substantive law governing the suit identifies the essential elements of the claims at issue and, therefore, indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the non-moving party must produce evidence upon which a

jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins*, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v.*

*Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988).  The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988).

III.	Discussion

    A.	Preemption under the Carmack Amendment

In its motion for partial summary judgment, Defendant Landstar contends that it is a motor carrier in the business of transporting freight in intrastate, interstate, and foreign commerce and, as such, the Carmack Amendment applies and preempts Plaintiffs' state law claims.  Plaintiffs, however, argue that Defendant has failed to submit proper summary judgment evidence that it is, in fact, a motor carrier as opposed to a private motor carrier as these terms are defined by 49 U.S.C. § 13102(14), (15).  The Court finds that Defendant Landstar is a motor carrier as defined under 49 U.S.C. § 13102(14).

The term motor carrier is defined as a person providing motor vehicle transportation for compensation.  49 U.S.C. § 13102(14).  The term motor private carrier is a person, other than a motor carrier, transporting property by motor vehicle when (1) the transportation is as provided in 49 U.S.C. § 13501; (2) the person is the owner, lessee, or bailee of the property being transported; and (3) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise.  49 U.S.C. § 13102(15).

Plaintiffs' petition, as well as Dai's and Suttle's deposition testimony, establish that Defendant Landstar is a motor carrier. Plaintiffs "had entered into an agreement with and had paid Defendant to protect and cover the machine with a 'tarp' from weather elements and other debris while transporting the machine from one destination [Dayton] to another [Houston]" for them. (Pls.' Pet., Doc. 1 Ex. 1 at 2). Additionally, it is undisputed that, at the time of transport, Plaintiffs owned the CNC Machine at issue as they had purchased it several months earlier in a DoveBid auction. (Doc. 13 Ex. 2). In further support thereof, the Court references the declaration of John E. O'Dell (O'Dell) attached as an exhibit to Defendant's reply. O'Dell, the Director of Risk Management of Landstar's Risk Management Claim Services, states that, Landstar was and is a for hire interstate motor carrier of property licensed by the United States Department of Transportation to operate as a for hire motor carrier with US DOT No. 216939 and MC No. 161864. (O'Dell Decl., Doc. 16 Ex. 2 at ¶ 3; Doc. 16 Ex. 3). Accordingly, the Court finds that Defendant Landstar is a motor carrier as defined by 49 U.S.C. § 13102(14).

The liability of a carrier for damage to an interstate shipment is a matter of federal law controlled by federal statutes and decisions. *Missouri P.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964). In *Hoskins v. Bekins Van Lines, Inc.*, 343 F.3d 769 (5th Cir. 2003), the Fifth Circuit recognized that Congress intended for the Carmack Amendment "to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier" and found that the doctrine of complete preemption applies in such cases. *Id.* at 772-78 (emphasis omitted).

Accordingly, the Court in the instant case finds that Plaintiffs' claims arise only under federal law, and, as such, their state law claims for breach of contract and negligence are preempted by the Carmack Amendment.

### B.     Special Damages under the Carmack Amendment

Defendant contends that Plaintiffs cannot recover damages for lost profits or lost income under the Carmack Amendment because Defendant did not have notice of these special damages prior to or at the time the bill of lading was issued.  In response, Plaintiffs assert that lost profits on the operation of the CNC Machine are recoverable under the Carmack Amendment.  For the reasons set forth below, the Court agrees with Defendant.

The Carmack Amendment provides for the recovery of damages against carriers for "actual loss or injury to the property" resulting from the transportation of cargo in interstate commerce.  *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir. 2005) (citing 49 U.S.C. § 14706(a)(1)).  A carrier's liability under the Carmack Amendment includes "all reasonably foreseeable damages resulting from the breach of its contract of carriage[.]"  *Id.* at 549 (citing *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983)).

A plaintiff may recover both general and special damages under the Carmack Amendment.  *Id.* (citing *Paper Magic Group, Inc. v. J.B. Hunt Transp., Inc.*, 318 F.3d 458, 461-62 (3d Cir. 2003)).  General damages are those that are foreseeable at the time of contracting.  *Id.* (citing *Hector Martinez & Co. v. S. Pac. Transp. Co.*, 606 F.2d 106, 109 (5th Cir. 1979)).  Special damages are "those unusual or indirect costs that, although caused by the defendant's conduct in a literal sense, are beyond what one would reasonably expect to be the ordinary consequences of a breach."  *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 404 (5th Cir. 2003) (citing *Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 765 (9th Cir. 1981) ("Special damages are those that the carrier did not have reason to foresee as ordinary, natural consequences of a breach when the contract was made.")).

Typically, a plaintiff cannot recover special damages in a breach of contract action absent "actual notice to the defendant of special circumstances from which such damages might arise." *Nat'l Hispanic Circus*, 414 F.3d at 549 (citing *Tex. A&M Research Found.*, 338 F.3d at 404).

When Dai contacted Avxa to arrange for the shipment of the CNC Machine, he only provided Avxa with the machine's physical size and weight. Plaintiffs never provided Avxa or Defendant with actual notice of the intended use of the CNC Machine prior to or at the time the bill of lading was issued. It was not until Plaintiffs submitted their Initial Disclosures that they asserted a claim for special damages, specifically lost profits on the operation of the CNC Machine. Accordingly, the Court finds that Plaintiffs' claim for special damages under the Carmack Amendment must fail.

### C.  Limited Liability under the Carmack Amendment

Lastly, Defendant Landstar contends that the declared value of the goods contained on the face of the bill of lading limits Landstar's liability, if any, for all damages sought by Plaintiffs. In response, Plaintiffs argue that the market value of the CNC machine is more than $10,000 and in support thereof refer to the planned sale of the machine to another entity, the amount the machine is worth if sold for scrap, and the machine's value due to its use in turnkey projects.

In order to validly limit its liability for damage to Plaintiffs' goods under the Carmack Amendment, the carrier has the burden of proving that it has complied with the following requirements: (1) maintain a tariff in compliance with the Interstate Commerce Commission; (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; (3) obtain the shipper's agreement as to his choice of liability; and (4) issue a bill of lading prior to moving a shipment that reflects such an agreement. *Gulf Rice Arkansas, LLC v.*

*Union Pac. R.R.*, 376 F. Supp. 2d 715, 721 (S.D.Tex. 2005) (citing *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 611-12 (9th Cir. 1992); *Rohner Gehrig Co., Inc., v. Tri-State Motor Transit*, 950 F.2d 1079, 1081 (5th Cir. 1992); *M.R. Swanson, Inc. v. Burlington N. & Santa Fe Ry. Co.*, No. CVF995496AWISMS, 2001 WL 201378, at *5 (E.D.Cal. Feb. 21, 2001)). *See also Johnson v. Bekins Van Lines Co.*, 808 F. Supp. 545, 547-48 (E.D.Tex. 1992).

Although the shipping document prepared by Delphi prior to moving the shipment provides an extended value of $10,000 for the CM Machine being shipped, the Court finds that the evidence fails to sufficiently establish that Defendant has met the requirements set forth in *Gulf Rice* so as to limit its liability under the Carmack Amendment. As such, the Court declines to grant summary judgment on this issue.

IV.     Conclusion

Accordingly, the Court hereby ORDERS that Defendant Landstar's motion for partial summary judgment (Doc. 13) is GRANTED-IN-PART and DENIED-IN-PART. The Court will address the merits of Plaintiffs' Carmack Amendment claim and whether Defendant has met the requirements for limited liability under the Carmack Amendment at the May 7, 2009, bench trial. The Court further ORDERS that the parties have until May 6, 2009, at 5:00 p.m. to file any amendments to their joint pretrial order.

SIGNED at Houston, Texas, this 4th day of May, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE